UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------

KAREEM SMITH,

                      Plaintiff,

         v.

COMMISSIONER OF SOCIAL SECURITY,
SOMMATTIE RAMRUP, and RUTH AXELROD,

                      Defendants.
---------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
20-CV-1384 (MKB)

MARGO K. BRODIE, United States District Judge:

      Plaintiff Kareem Smith, proceeding *pro se*, commenced the above-captioned action on February 21, 2020, against Defendants Commissioner of Social Security (the "Commissioner"), Sommattie Ramrup, and Ruth Axelrod in the United States District Court for the Southern District of New York ("SDNY"), seeking to "vacate [the] appeals council decision" regarding his application for social security disability benefits.  (Compl. 6, Docket Entry No. 2.)  By Order dated March 3, 2020, Chief District Judge Colleen McMahon granted Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), (Order dated Mar. 3, 2020, Docket Entry No. 4), and by Order dated March 9, 2020, transferred the action to this Court, (Transfer Order, Docket Entry No. 5).  For the reasons discussed below, the Court dismisses the Complaint against Judge Ramrup and Axelrod and directs the Commissioner and Plaintiff to proceed in the manner identified below.

    **I.   Background**

      Plaintiff seeks review of his "SSI disability appeal which concluded October 19, 2019." (Compl. 2, 8.)  Plaintiff also seeks to sue his attorney, Ruth Axelrod, and the Social Security

Administration's administrative law judge, Sommattie Ramrup. (*Id.* at 8.) Along with the Court's general complaint form, Plaintiff also submits documents related to the conditions of his apartment and public assistance benefits from the City of New York. (*Id.* at 9–35.) Plaintiff's sole request for relief is that the Court vacate the Appeals Council decision, but he does not include a copy of that decision. (*Id.* at 6.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation and internal quotation marks omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (same); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action, if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

In addition, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) ("A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court "lacks the statutory or constitutional power to adjudicate it . . . ." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

b. **Section 405(g) of the Social Security Act**

Sections 405(g) and (h) of the Social Security Act waive sovereign immunity in social security cases, providing for judicial review only "after any final decision of the Commissioner of Social Security made after a hearing to which [the individual] was a party." 42 U.S.C. §§ 405(g), (h). The Social Security Administration regulations require claimants to complete a four-step administrative review process in order to obtain a judicially-reviewable final decision. *See Perez v. Chater*, 77 F.3d 41, 44 (2d Cir. 1996) ("A request for Appeals Council review of an ALJ's decision is the fourth and final stage in the administrative process of adjudicating claims for benefits under the Social Security Act."). That process consists of an initial determination, reconsideration, an administrative law judge decision and Appeals Council review. 20 C.F.R. § 404.900(a); *see also Perez*, 77 F.3d at 44 & n.3 ("The first three steps are the initial determination, reconsideration, and a hearing before an ALJ." (citing 20 C.F.R. §§ 404.900, 416.1400)). A decision by the Commissioner is not considered "final" until the claimant has exhausted each of these steps. *See Mathews v. Eldridge*, 424 U.S. 319, 327 (1976); *see also Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (noting that the "the ALJ's decision became the final decision of the Commissioner" when "[t]he Office of Disability Adjudication and Review denied [the plaintiff's] request for review"); *Ortega v. Colvin*, No. 13-CV-3487, 2015

WL 6143591, at *2–3 (E.D.N.Y. Oct. 19, 2015) (holding that a district court has subject matter jurisdiction over a benefits claim pursuant to 42 U.S.C. § 405(g) "once the claimant has obtained a final decision from the Commissioner"). The only proper defendant in a challenge to a decision by the Social Security Administration is the Commissioner of Social Security. *Langella v. Bush*, No. 03-CV-5114, 2004 WL 2668400, at *4 (S.D.N.Y. Nov. 22, 2004) (noting "the Commissioner is the only proper defendant in a case seeking judicial review pursuant to Section 405(g)"), *aff'd*, 161 F. App'x 140 (2d Cir. 2005); *Keesing v. Apfel*, 124 F. Supp. 2d 134, 135 (N.D.N.Y. 2000) ("The only proper defendant in an action under section 405(g) is the Commissioner of Social Security.").

Plaintiff appears to have exhausted his administrative remedies as he alleges that he received an Appeals Council decision. Accordingly, Plaintiff's complaint seeking review of the denial of his disability benefits claim shall proceed as to the Commissioner of Social Security pursuant to section 405(g). *See* 20 C.F.R. § 404.981.

    **c.**   **Plaintiff's claims against Judge Ramrup and Axelrod**

Plaintiff cannot sue either Ramrup or Axelrod pursuant to 42 U.S.C. § 1983.

Under section 1983, individuals may bring a private cause of action against persons "acting under color of state law" to recover money damages for deprivations of their federal or constitutional rights. *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 55 (2d Cir. 2014) (quoting 42 U.S.C. § 1983). To establish a viable section 1983 claim, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations and internal quotation marks omitted). Section 1983 "constrains only state conduct, not the 'acts of private persons or

4

entities.'" *Hooda v. Brookhaven Nat'l Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) ("[T]he under[-]color-of-state-law element of [section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (citation and internal quotation marks omitted)). Thus, a claim for relief pursuant to section 1983 must allege facts showing that the challenged conduct was "committed by a person acting under color of state law." 42 U.S.C. § 1983.

### i. Plaintiff's claim against Ramrup is barred by judicial immunity

Ramrup, an administrative law judge ("ALJ"), is entitled to judicial immunity for any action taken in his or her judicial capacity in presiding over Plaintiff's disability benefits claim.

Judges have absolute immunity for acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (upholding applicability of judicial immunity in section 1983 actions); *Burdick v. Town of Schroeppel*, 717 F. App'x 92, 93 (2d Cir. 2018) ("Judges acting in their judicial capacity are absolutely immune from suit, even where the plaintiff asserts constitutional violations under § 1983." (citing *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009)); *see also Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." (quoting *Bliven*, 579 F.3d at 209)). ALJs also have absolute immunity for acts performed in their judicial capacities. *See N.Y. Civil Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 300 (2d Cir. 2012) (noting that the Supreme Court has extended absolute judicial immunity "enjoyed by Article III judges to administrative law judges"); *see also Howery v. Chanis*, No. 16-CV-7182, 2017 WL 2773594, at *3 (E.D.N.Y. June 26, 2017) (stating that judicial "immunity also extends to administrative officials performing functions closely

5

associated with the judicial process because the role of the hearing examiner or administrative law judge . . . is functionally comparable to that of a judge" (quoting *Butz v. Economou*, 438 U.S. 478, 513 (1978))); *Stankovic v. Smith*, No. 12-CV-2457, 2012 WL 3597760, at *7 (E.D.N.Y. Aug. 20, 2012) (finding action against social security ALJ in connection with a denial of benefits "meritless" and noting that "[j]udges, including ALJs, have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities"). "Absolute judicial immunity applies even if the judge allegedly acted in bad faith or with malice." *Burdick*, 717 F. App'x at 93 (citing *Bliven*, 579 F.3d at 209); *Jackson v. Ramirez*, 691 F. App'x 45, 46 (2d Cir. 2017) (same); *Whitnum v. Emons*, 683 F. App'x 71, 72 (2d Cir. 2017) (same). Immunity may only be overcome where (1) the challenged acts were not taken in the judge's judicial capacity, or (2) the acts, "though judicial in nature, [were] taken in the complete absence of all jurisdiction." *Burdick*, 717 F. App'x at 93 (citing *Mireles*, 502 U.S. at 12); *see also Chris H. v. New York*, 740 F. App'x 740, 741 (2d Cir. 2018) ("First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." (quoting *Mireles*, 502 U.S. at 12)).

Plaintiff alleges that Judge Ramrup "did not inquire and made assumptions" in deciding Plaintiff's application for benefits. (Compl. 8.) Thus, Plaintiff's claim against Judge Ramrup relates to judicial acts for which Judge Ramrup is entitled to absolute immunity.

    ii. **Plaintiff's claim against Axelrod cannot proceed because Axelrod did not act under color of state law**

Axelrod cannot be sued under section 1983 because attorneys do not act under color of state law when they perform traditional functions of counsel.

6

It is well established that neither private attorneys nor court-appointed attorneys, including 18-B attorneys and attorneys associated with a legal aid organization, act under color of state law when they perform traditional functions of counsel. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Sash v. Rosahn*, 450 F. App'x. 42, 43 (2d Cir. 2011) ("[A] court appointed criminal defense attorney does not act under color of state law when representing a client" (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997))); *Brown v. Legal Aid Soc'y*, 367 F. App'x 215, 216 (2d Cir. 2010) ("A 'public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" (quoting *Polk Cty.*, 454 U.S. at 325)); *Kash v. Honey*, 38 F. App'x 73, 75 (2d Cir. 2002) ("The acts of private attorneys are not deemed to be 'under color of state law.'"); *Garcia v. City of New York*, No. 13-CV-4655, 2013 WL 153756, at *3 (E.D.N.Y. Jan. 14, 2013) (finding legal aid attorney was not acting under color of state law when he represented the plaintiff in criminal court); *Pecou v. Hirschfeld*, No. 07-CV-5449, 2008 WL 957919, at *2 (E.D.N.Y. Apr. 3, 2008) ("Court-appointed attorneys do not act under color of state law merely by virtue of their appointment." (citing *Polk Cty.*, 454 U.S. at 325)).

Because Axelrod was not a state actor when she represented Plaintiff before the ALJ, Plaintiff cannot state a section 1983 claim against her.

Accordingly, Plaintiff fails to state a claim against Ramrup and Axelrod under section 1983. The Court therefore dismisses the Complaint as to these Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B).

### d. Plaintiff's social security claim

Plaintiff's claim against the Commissioner shall proceed. The Commissioner and Plaintiff are directed to adhere to the following procedure, which the Eastern District of New York Board of Judges has adopted for expediting the disposition of Social Security cases:

> 1. The Commissioner shall proceed promptly to obtain the administrative record of the proceedings below, and shall file the record by the date set forth below, unless an extension is granted by order of the Court for good cause. If the Commissioner is unable to file the record by that date, then the Court should be notified in writing by that date. Such notification should include a request for an extension, which specifies a date and demonstrates the good cause for the extension, including the date the administrative record was requested, whether or not it has been received, and the most recent efforts made to obtain it.
>
> 2. The Commissioner shall file the administrative record, which will constitute Defendant's answer, or otherwise move against the Complaint on or before July 27, 2020.
>
> 3. The Commissioner shall file and serve its motion for judgment on the pleadings on or before August 24, 2020.
>
> 4. Plaintiff shall file and serve a response to the Commissioner's motion, by September 7, 2020; and the Commissioner shall file and serve its reply, if any, by September, 21, 2020.
>
> 5. Memoranda in support of, or in opposition to, any motion filed in this matter, shall in all other respects comply with applicable Local Rules for this district and this Court's Individual Practices and Rules, including, but not limited to, page limitations.

## III. Conclusion

Accordingly, the Court dismisses Plaintiff's Complaint against Ramrup and Axelrod pursuant to 28 U.S.C. § 1915(e)(2)(B). No summons shall issue as to these Defendants and the Clerk of Court shall terminate these Defendants from this action.

The Clerk of Court shall issue a summons as to the Commissioner, serve this Order upon the Commissioner by electronic mail, and mail a copy of this Order to Plaintiff at the following

address: 190 Trantor Place, Staten Island, NY 10302.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: May 26, 2020
       Brooklyn, New York

                                      SO ORDERED.

                                          s/ MKB
                                    MARGO K. BRODIE
                                    United States District Judge