UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------

KAREEM SMITH,

                            Plaintiff,

               v.

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.

**MEMORANDUM & ORDER**
20-CV-1384 (MKB)

----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

    Plaintiff Kareem Smith, proceeding pro se, commenced the above-captioned action on February 21, 2020, in the Southern District of New York against Defendants the Commissioner of the Social Security Administration (the "Commissioner"), administrative law Judge Sommattie Ramrup (the "ALJ"), and his attorney Ruth Axelrod.[1]  (Compl., Docket Entry No. 2.) On March 16, 2020, the Southern District of New York transferred the action to this Court.  (*See* Notice of Transfer, Docket Entry No. 6.)  Plaintiff seeks review of a final decision of the Commissioner denying Plaintiff's claim for Social Security disability insurance benefits under the Social Security Act (the "SSA"), pursuant to 42 U.S.C. § 405(g).  (Compl. 8.)  The Commissioner moves to dismiss the Complaint on the grounds that Plaintiff's action was not timely filed, there is no basis to toll the statute of limitations, and Plaintiff failed to state a claim upon which monetary relief can be granted.  (Comm'r's Mot. to Dismiss ("Comm'r's Mot."), Docket Entry No. 10; Comm'r's Mem. in Supp. of Comm'r's Mot. ("Comm'r's Mem."),

---

    [1]  The Southern District dismissed *sua sponte* the Complaint as to Defendants Ramrup and Axelrod pursuant to 28 U.S.C. § 1915(e)(2)(B).  (*See* May 2020 Decision, Docket Entry No. 9.)

annexed to Comm'r's Mot., Docket Entry No. 10-1.)  Plaintiff has not filed a response to the Commissioner's motion to dismiss.

For the reasons set forth below, the Court grants the Commissioner's motion.

## I.  Background

Plaintiff filed claims for benefits due to disability under Title II and Title XVI of the SSA and appealed the Commissioner's denial to the United States District Court for the Southern District of New York.  (*See* Decl. of Christianne Voegele ("Voegele Decl.") ¶ 4, annexed to Comm'r's Mot., Docket Entry No. 10-2.)  On March 24, 2016, the Southern District remanded the case for further administrative proceedings.  (*Id.* ¶ 4(a).)

On October 10, 2019, the ALJ denied Plaintiff's claim for disability insurance benefits under Title II and Title XVI of the SSA.  (*Id.*; Notice of Decision ("Notice of Denial"), annexed to Voegele Decl. as Ex. 1, Docket Entry No. 10-2.)  The Notice of Denial informed Plaintiff that he could file exceptions with the Appeals Council or file a civil action in federal court within sixty days of the ALJ's decision becoming final.  (Notice of Denial at 1–2.)  The Notice of Denial explained that if exceptions were not filed with the Appeals Council and the Appeals Council did not sua sponte review the ALJ's decision, the ALJ's decision would become final on the sixty-first day following the date of the notice.  (*Id.* at 2.)  Sixty-one days after the date of the notice was December 10, 2019 and sixty days after that was February 8, 2020.[2]  The Notice of Denial further indicated that Plaintiff would be presumed to have received the Notice of Denial five days after the date on the Notice of Denial unless he showed that he did not receive it within the five-day period and that, if he could not file for court review within sixty days, he could request an extension of time to file a civil action.  (*Id.* at 1–2.)  Plaintiff did not request an

---

[2]  The Commissioner argues that the ALJ's decision became final on December 9, 2019. However, the Notice of Denial states the decision becomes final sixty-one days after the date of the notice, so the correct date the decision became final was December 10, 2019.

extension.  (Voegele Decl. ¶ 4(d).)

On November 6, 2019, Plaintiff's counsel, Ruth Axelrod, filed exceptions to the Notice of Denial with the Appeals Council.  (Nov. 6, 2019 Letter from Ruth Axelrod ("Pl.'s Exceptions"), annexed to Voegele Decl. as Ex. 2.)  On February 21, 2020, Plaintiff commenced this action in the Southern District of New York.  (Compl. 1.)  On March 30, 2020, Plaintiff withdrew the written exceptions filed by Axelrod with the Appeals Council.  (Pl.'s Mar. 30, 2020 Letter ("Pl.'s Withdrawal"), annexed to Voegele Decl. as Ex. 3.)

## II.  Discussion

### a.  Standards of review

#### i.  12(b)(1)

A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court "lacks the statutory or constitutional power to adjudicate it."  *Huntress v. United States*, 810 F. App'x 74, 75 (2d Cir. 2020) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting *Makarova*, 201 F.3d at 113); *Shabaj v. Holder*, 718 F.3d 48, 50 (2d Cir. 2013) (per curiam) (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)). "'[C]ourt[s] must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff,' but 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'"  *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (first quoting *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006); and then quoting *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003)), *aff'd*, 561 U.S. 247 (2010).  Ultimately, "the party asserting subject matter jurisdiction 'has the burden of proving by a preponderance of the evidence that it

exists.'" *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014)

(quoting *Makarova*, 201 F.3d at 113); *see also Suarez v. Mosaic Sales Sols. US Operating Co.*,

720 F. App'x 52, 53 (2d Cir. 2018) (citing *Morrison*, 547 F.3d at 170); *Clayton v. United States*,

No. 18-CV-5867, 2020 WL 1545542, at *3 (E.D.N.Y. Mar. 31, 2020) (quoting *Tandon*, 752 F.3d

at 243); *Fed. Deposit Ins. Corp. v. Bank of N.Y. Mellon*, 369 F. Supp. 3d 547, 552 (S.D.N.Y.

2019) (quoting *Tandon*, 752 F.3d at 243).

### ii.   12(b)(6)

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

Procedure, a court "must construe [the complaint] liberally, accepting all factual allegations

therein as true and drawing all reasonable inferences in the plaintiffs' favor." *Sacerdote v. N.Y.*

*Univ.*, 9 F.4th 95, 106–07 (2d Cir. 2021) (citing *Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d

Cir. 2019); *see also Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141, 145 (2d Cir. 2020)

(same).  A complaint must plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Bacon v. Phelps*, 961 F.3d 533,

540 (2d Cir. 2020) (quoting *Twombly*, 550 U.S. at 570).  A claim is plausible "when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011)

(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Cavello Bay Reinsurance Ltd. v. Shubin*

*Stein*, 986 F.3d 161, 165 (2d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678).  Although all

allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal

conclusions." *Iqbal*, 556 U.S. at 678; *Vaughn*, 957 F.3d at 145 (quoting *Iqbal*, 556 U.S. at 678).

In reviewing a pro se complaint, a court must be mindful that a plaintiff's pleadings must

be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106

(1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*,

courts "remain obligated to construe a *pro se* complaint liberally").

### b.   Plaintiff's claim that his social security benefits were wrongfully denied is untimely and not subject to equitable tolling

Plaintiff's civil action was untimely filed and Plaintiff has not presented an adequate

basis to toll the statute of limitations.

### i.   Plaintiff's claim is untimely

The Commissioner argues that the Court should dismiss Plaintiff's claim because he did

not timely commence this action.[3]  (Comm'r's Mem. 3–7.)

Claimants seeking federal district court review of a final decision by the Commissioner

must file a civil action within sixty days of receiving notice of such a decision.  42 U.S.C.

§ 405(g).  This requirement "is not jurisdictional, but rather constitutes a period of limitations,"

*Alexander v. Saul*, 5 F.4th 139, 152 (2d Cir. 2021) (quoting *Bowen v. City of New York*,

476 U.S. 467, 478 (1986)), which "is a condition on the waiver of sovereign immunity" that

"must be strictly construed," *Bowen*, 476 U.S. at 479.  *See also Cole-Hill ex rel. T.W. v. Colvin*,

110 F. Supp. 3d 480, 483–84 (W.D.N.Y. 2015) (quoting *Bowen*, 476 U.S. at 478–79).  The

notice of the Commissioner's final decision is presumed to have been received within five days

of its mailing unless a plaintiff can show otherwise.  20 C.F.R. §§ 416.1401, 422.210(c); *see also*

*Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984) (same); *Kesoglides v. Comm'r of Soc.*

*Sec.*, No. 13-CV-4724, 2015 WL 1439862, at *3 (E.D.N.Y. Mar. 27, 2015) (citing *Matsibekker*,

738 F.2d at 81) (same).  A plaintiff must make a "reasonable showing" to overcome the

---

[3] Plaintiff has not submitted an opposition to the Commissioner's motion to dismiss.
The Court "liberally construe[s] pleadings and briefs submitted by pro se litigants, reading such
submissions to raise the strongest arguments they suggest."  *McLeod v. Jewish Guild for the*
*Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (quoting *Bertin v. United States*, 478 F.3d
489, 491 (2d Cir. 2007)).

presumption of receipt.  *Liranzo v. Comm'r*, 411 F. App'x 390, 391 (2d Cir. 2011); *see McIntosh v. Comm'r*, No. 19-CV-5362, 2021 WL 826252, at *3 (E.D.N.Y. Mar. 4, 2021) (stating that a plaintiff must present "some affirmative evidence indicating that the actual receipt occurred more than five days after issuance" and that "unsupported affidavit evidence" is insufficient (first quoting *Malavolta v. Comm'r*, No. 08-CV-6528, 2009 WL 1097275, at *3 (S.D.N.Y. Apr. 23, 2009), *report and recommendation adopted*, 2009 WL 1468601 (S.D.N.Y. May 22, 2009); and then quoting *Marte v. Apfel*, No. 96-CV-9024, 1998 WL 292358, at *2 (S.D.N.Y. June 3, 1998))).

Because the Notice of Denial is dated October 10, 2019, Plaintiff is presumed to have received the Notice of Denial within five days of its mailing, on or before October 15, 2019.  *See* 20 C.F.R §§ 404.901, 416.1401 ("[The] [d]ate you receive notices means [five] days after the date on the notice, unless you show us you did not receive it within the [five]-day period.").  Under the applicable sixty-day statute of limitations, Plaintiff was required to commence this action on or before February 8, 2020, in order for this action to be timely.[4]  *See* 42 U.S.C. § 405(g).  There is no evidence in the record of any request from Plaintiff for an extension of time to file a civil action.[5]  (Voegele Decl. ¶ 4(d).)

Plaintiff has not presented any evidence to overcome the presumption that he received the Notice of Denial on or about October 15, 2019.  *See Liranzo*, 411 F. App'x at 391 (finding that

---

[4]  The Court calculates this date based on the Notice of Denial, which provides that the sixty-day statute of limitations "start[ed] with the day [the ALJ's] decision becomes final."  (*See* Notice of Denial 2.)  The Notice of Denial became final on December 10, 2019, and the sixty-day statute of limitations would therefore run from December 10, 2019 to February 8, 2020.

[5]  Plaintiff's counsel, Axelrod, filed written exceptions with the Appeals Council on November 6, 2019, within the thirty-day window to file exceptions.  (Notice of Denial 1 ("You must file your written exceptions with the Appeals Council within 30 days of the date you get this notice.").)  However, before the Appeals Council could make a determination on those exceptions, Plaintiff withdrew the exceptions.  (Voegele Decl. ¶ 4(b)–(c); Pl.'s Exceptions; Pl.'s Withdrawal.)

the plaintiff's allegations were insufficient to make a reasonable showing required to overcome the presumption of receipt); *Sherwood v. Berryhill*, No. 17-CV-5015, 2018 WL 4473336, at *5 (S.D.N.Y. Sept. 18, 2018) (noting that "[i]n every known case where a reasonable showing of delayed or failed receipt has been judicially acknowledged, the plaintiff offered evidence corroborating his or her denial of timely receipt" (quoting *Pettway ex rel. Pettway v. Barnhart*, 244 F. Supp. 2d 1354, 1357, 1357 n.5 (S.D. Ala. 2002))); *Marquez v. Comm'r*, No. 12-CV-8151, 2013 WL 3344320, at *3 (S.D.N.Y. July 2, 2013) ("[A] plaintiff must present some affirmative evidence indicating that actual receipt occurred at a later date." (first citing *Duran ex rel Canfield v. Barnhart*, No. 03-CV-1089, 2003 WL 22176011, at *2 (S.D.N.Y. Sept. 22, 2003); and then citing *Chiappa v. Califano*, 480 F. Supp. 856, 857 (S.D.N.Y. 1979))); *cf. Chasity P. v. Berryhill*, No. 18-CV-113, 2018 WL 5724003, at *3 (W.D.N.Y. Nov. 1, 2018) (finding that the plaintiff made a reasonable showing where she submitted three affidavits and screenshots of an electronic file as evidence to prove that she received the Appeals Council's notice nine days after the date on the letter).  Because Plaintiff commenced this action on February 21, 2020 — thirteen days after the deadline — and because the statute of limitations must be strictly construed, *see Twumwaa v. Colvin*, No. 13-CV-5858, 2014 WL 1928381, at *3 (S.D.N.Y. May 14, 2014) (finding the plaintiff's social security complaint untimely where she filed seven days late and collecting cases), Plaintiff's claim is untimely.  (*See* Compl.)

> **ii.    Plaintiff has not presented an adequate basis to toll the limitations period**

The Commissioner argues that there is no basis for the Court to toll the sixty-day statute of limitations because Plaintiff has made no showing that he was pursuing his rights diligently or that there were extraordinary circumstances that prevented him from filing his Complaint in a timely manner.  (Comm'r's Mem. 7–9.)  The Commissioner also argues that although Plaintiff's

counsel filed written exceptions with the Appeals Council, Plaintiff withdrew those exceptions. (*Id.* at 5.)

"[T]he doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'" *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The plaintiff must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." *Jenkins v. Greene*, 630 F.3d 298, 303 (2d Cir. 2010) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)). Circumstances that justify equitable tolling include circumstances where the plaintiff "(i) was unaware that there had been a violation giving rise to a claim, (ii) rebutted the presumption that notice of the Appeals Council denial was received within five days, (iii) received conflicting information about the filing deadline, or (iv) was unable to comprehend the appeal process because of an impediment." *Cole-Hill*, 110 F. Supp. 3d at 484–85 (quoting *Sindrewicz v. Chater*, No. 96-CV-139, 1997 WL 166564, at *2 (W.D.N.Y. Jan. 30, 1997) (collecting cases)). The plaintiff bears the burden of demonstrating that equitable tolling is justified. *See Guobadia v. Irowa*, 103 F. Supp. 3d 325, 341 (E.D.N.Y. 2015) (quoting *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)).

Plaintiff's Complaint does not sufficiently allege facts that would warrant tolling the sixty-day limitations period. Plaintiff does not raise any arguments in his Complaint that justify the delay. Plaintiff states in his Complaint that "since [his] appeal in 2014" he has "moved three times" and his "last known address was a Brooklyn address." (Compl. 8.) He also states that he has since "relocated to Staten Island" and that due to housing "instability" it has been difficult for him to keep appointments. (*Id.*) While the Court is sympathetic to Plaintiff's housing instability and the challenges that produces, Plaintiff's lack of specific allegations as to

8

why he failed to file this action within the statute of limitations does not satisfy the requirements for equitable tolling under the case law in this Circuit. *See Bowen v. Comm'r*, No. 15-CV-117, 2015 WL 7281610, at *7 (D. Vt. Nov. 16, 2015) (collecting cases ruling that equitable tolling was not warranted where the plaintiffs claimed financial troubles, homelessness, and family deaths, among other "difficult circumstances"); *Kesoglides*, 2015 WL 1439862, at *5 ("While the [c]ourt understands that [the plaintiff] faces challenges in dealing with the loss of his apartment and his illness, these challenges do not excuse him for acting diligently in pursuing his appeal."); *Courtney v. Colvin*, No. 13-CV-2884, 2014 WL 129051, at *3 (S.D.N.Y. Jan. 14, 2014) (finding that the plaintiff's alleged identity theft and change of address, even taken at face value, were not "the sort of extraordinary circumstances justifying equitable tolling"); *da Costa v. Union Loc. 306*, No. 08-CV-2470, 2009 WL 3076077, at *4 (S.D.N.Y. Sept. 25, 2009) (adopting report and recommendation holding that the plaintiff's homelessness and psychological problems did not constitute extraordinary circumstances for the purposes of equitable tolling); *cf. Latoya A. on behalf of N.C. v. Saul*, No. 19-CV-581, 2020 WL 1157451, at *2 (N.D.N.Y. Mar. 10, 2020) (ruling that equitable tolling was warranted where the plaintiff "was confronted with significant family medical and educational issues" in addition to needing to "address the risk of losing a place for her family to live and the need to provide not only shelter, but food for her family").

       **c.   Plaintiff fails to state a claim upon which monetary relief can be granted**

       In the alternative, the Commissioner argues that Plaintiff fails to state a claim because (1) his section 1983 claim does not apply to the Commissioner; (2) Congress has provided a limited waiver of sovereign immunity that requires claims to be brought under 42 U.S.C. § 405(g); (3) and Plaintiff can only waive sovereign immunity for tort claims under the Federal Tort Claims Act ("FTCA"), but Plaintiff has failed to properly allege an FTCA claim. (Comm'r's Mem. 9–

12.)

### i.  Section 1983 claim

The Commissioner argues that Plaintiff's section 1983 claim "applies only to defendants who acted under color of state law, and not federal actors."  (Comm'r's Mem. 9.)

Under section 1983, individuals may bring a private cause of action against persons "acting 'under color of state law'" to recover money damages for deprivations of their federal or constitutional rights.  *Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 55 (2d Cir. 2014) (quoting 42 U.S.C. § 1983).  To establish a viable section 1983 claim, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law."  *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (quoting *Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004)).  Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'"  *Hooda v. Brookhaven Nat'l Lab'y*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of [section] 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982))).  Thus, a claim for relief pursuant to section 1983 must allege facts showing that the challenged conduct was "committed by a person acting under color of state law."  42 U.S.C. § 1983.

Because Plaintiff brought this claim against the Commissioner of Social Security, a federal actor, Plaintiff fails to state a claim under section 1983.

### ii.  Lack of subject matter jurisdiction under the SSA

The Commissioner argues that Congress "has provided only a limited waiver of sovereign immunity for cases arising under the Social Security Act."  (Comm'r's Mem. 9.)

Under the waiver, 42 U.S.C. § 405(g) is the "sole avenue for judicial review for all claims arising under" the SSA, and therefore, section 405(g) is also the "sole basis for subject matter jurisdiction" under the SSA. (*Id.*) To the extent Plaintiff is seeking monetary damages for violations of the SSA,[6] his claim is barred by sovereign immunity because there is no private right of action under the SSA and plaintiffs are barred from bringing a civil action against the Social Security Administration for monetary relief based on violations of the SSA.

The United States is generally immune from suit. *See United States v. Bormes*, 568 U.S. 6, 9–10 (2012) ("Sovereign immunity shields the United States from suit absent a consent to be sued that is 'unequivocally expressed.'" (quoting *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33–34 (1992))); *see also Cangemi v. United States*, 13 F.4th 115, 130 (2d Cir. 2021) ("Absent an unequivocally expressed statutory waiver, the United States . . . [is] immune from suit based on the principle of sovereign immunity." (alterations in original) (quoting *County of Suffolk v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010))); *Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 70 (2d Cir. 2016) ("'Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.' Moreover, 'waivers of sovereign immunity must be "unequivocally expressed" in statutory text, and cannot simply be implied.'" (first quoting *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); and then quoting *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004))).

"[T]he United States has not waived its sovereign immunity for claims by a Social Security claimant seeking monetary relief in addition to benefits awards." *Donnelly v. Barnhart*, 80 F. App'x 701, 702 (2d Cir. 2003) (first citing *United States v. Sherwood*, 312 U.S. 584, 586

---

[6] Plaintiff's Complaint makes no indication that he is seeking monetary damages under the SSA, but the Court "liberally construe[s] pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod*, 864 F.3d at 156.

(1941); and then citing *Liffiton v. Keuker*, 850 F.2d 73, 77 (2d Cir. 1988)); *see also Pryor v. Comm'r of Soc. Sec.*, No. 14-CV-5596, 2016 WL 1171589, at *6 (E.D.N.Y. Mar. 22, 2016), *aff'd*, 690 F. App'x 42 (2d Cir. 2017); *Purisima v. Astrue*, No. 12-CV-3528, 2012 WL 5519295, at *3 (S.D.N.Y. Nov. 14, 2012) ("Though the Social Security Act, 42 U.S.C. § 405(g), provides for judicial review of [the Social Security Administration's] final decisions made after a hearing, and confers subject matter jurisdiction to that extent, it is well-established that the Act 'does not bestow a private right of action for monetary relief.'" (quoting *Katsoulakis v. Astrue*, No. 10-CV-81, 2011 WL 3877080, at *5 (E.D.N.Y. Aug. 31, 2011))).  Moreover, "the Supreme Court has found that no action for damages can be maintained against personnel of the [Social Security Administration] because Congress provided an elaborate statutory scheme in the Act with 'meaningful safeguards or remedies for the rights of persons' wrongfully denied under the Act." *Ortega v. Colvin*, No. 13-CV-3487, 2015 WL 6143591, at *4 (E.D.N.Y. Oct. 19, 2015) (quoting *Schweiker v. Chilicky*, 487 U.S. 412, 425 (1988)).

Thus, to the extent Plaintiff is seeking monetary damages for violations of the SSA, his claim is barred by sovereign immunity.  *See, e.g.*, *Hatcher v. Saul*, No. 18-CV-2282, 2021 WL 1207315, at *3–4 (E.D.N.Y. Mar. 31, 2021) (finding pro se plaintiff's constitutional claims barred because there "is no private right of action under the Social Security Act" and plaintiff was "barred from bringing a civil action against the [Social Security Administration] for monetary relief based on violations of the Social Security Act" (quoting *Katsoulakis*, 2011 WL 3877080, at *5)); *Shmueli v. Comm'r of Soc. Sec.*, No. 17-CV-3734, 2018 WL 4403279, at *5 (S.D.N.Y. July 19, 2018) ("The [c]ourt . . . lacks subject matter jurisdiction to consider any discrimination, retaliation, harassment or similar claims for money damages against the Commissioner that [the] [p]laintiff may seek to assert." (citations omitted)), *report and recommendation adopted*, 2018 WL 4387556 (S.D.N.Y. Sept. 14, 2018); *Davis v. Comm'r of*

*Soc. Sec.*, No. 15-CV-6301, 2016 WL 3390586, at *5 (S.D.N.Y. Apr. 18, 2016) (finding that "the

[c]ourt . . . lacks subject matter jurisdiction to consider any discrimination, retaliation,

harassment, or similar claims against the Commissioner that [the plaintiff] may seek to assert"

because "[it] is well-settled that the Act itself 'does not bestow a private right of action for

monetary relief'" or make any "provision for remedies in money damages against officials

responsible for unconstitutional conduct that leads to the wrongful denial of benefits" (first

quoting *Purisima*, 2012 WL 5519295, at *3; and then quoting *Schweiker*, 487 U.S. at 424)),

*report and recommendation adopted*, 2016 WL 3453452 (S.D.N.Y. June 16, 2016); *Oji v. Soc.*

*Sec. Admin.*, No. 12-CV-7338, 2013 U.S. Dist. LEXIS 189928, at *49–54 (S.D.N.Y. Sept. 12,

2013) (noting that pro se plaintiff's claim for "$975 septillion" in money damages was

"couche[d]" in terms of discrimination but was actually a claim that the Social Security

Administration "improperly denied" him benefits and finding that this "purported civil rights

claim" fails for the same reasons), *report and recommendation adopted*, 2015 U.S. Dist. LEXIS

149822 (S.D.N.Y. Nov. 4, 2015); *Okocha v. Disman*, No. 11-CV-1854, 2012 WL 6860892, at

*12–13 (S.D.N.Y. Oct. 1, 2012) (finding pro se plaintiff's claims against Commissioner for

punitive damages for "'deliberate denial of benefits,' deliberate infliction of emotional distress,

and 'causing [the plaintiff] undue stress'" barred under the SSA), *report and recommendation*

*adopted*, 2013 WL 163834 (S.D.N.Y. Jan. 15, 2013).

### iii.   Lack of subject matter jurisdiction under the FTCA

To the extent Plaintiff is asserting a cause of action in tort against the United States for

alleged damages he suffered, his claims are barred by sovereign immunity because he failed to

name the United States as a party and failed to administratively exhaust his claims.

Under the FTCA, a plaintiff may bring a tort suit against the United States under certain

circumstances. *See Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217–18 (2008) ("In the FTCA,

Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees."); *Cooke v. United States*, 918 F.3d 77, 81 (2d Cir. 2019) ("One such 'limited waiver' of [the United States'] sovereign immunity is provided by the FTCA, which 'allows for a tort suit against the United States under specified circumstances.'" (quoting *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007))). "[I]f a suit is 'cognizable' under . . . the FTCA, the FTCA remedy is 'exclusive' and the federal agency cannot be sued 'in its own name' . . . ." *Meyer*, 510 U.S. at 476 (quoting 28 U.S.C. § 2679(a)); *Rivera v. United States*, 928 F.2d 592, 609 (2d Cir. 1991) ("The FTCA . . . precludes tort suits against federal agencies.  The only proper federal institutional defendant in such an action is the United States." (citing 28 U.S.C. § 2679(a))); *see also* 28 U.S.C. § 2679(a) ("The authority of any federal agency to . . . be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b).").

"Prior to filing an FTCA action, a plaintiff must exhaust administrative remedies, which include presenting the claim to the appropriate federal agency." *Yunkeung Lee v. United States*, 570 F. App'x 26, 27 (2d Cir. 2014) (citing 28 U.S.C. § 2675(a)); *see DeBoe v. Du Bois*, 503 F. App'x 85, 89 (2d Cir. 2012) (affirming the district court's finding that it lacked subject matter jurisdiction over the plaintiff's claim because the plaintiff failed to exhaust his administrative remedies under the FTCA by filing a complaint with the appropriate federal agency (first citing 28 U.S.C. § 2675(a)); then citing *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 720 (2d Cir. 1998))); *see also Millares Guiraldes de Tineo*, 137 F.3d at 720 ("In sum, the United States has not consented to be sued on a tort claim unless the claim was first presented to the appropriate federal agency in writing, was so presented within two years after the claim accrued, and specified the amount of the claim in writing."). "[A]n administrative claim must be filed with the responsible federal agency within two years of a plaintiff's alleged injury." *Torres v.*

*United States*, 612 F. App'x 37, 39 (2d Cir. 2015); *see Phillips v. Generations Fam. Health Ctr.*,

723 F.3d 144, 147 (2d Cir. 2013) ("Under the FTCA, before a claimant can file suit, he or she

must first present the claim to the appropriate federal agency . . . within two years of the date the

claim accrued." (citing 28 U.S.C. § 2401(b))).  A "claimant can only initiate his or her lawsuit

once the claim has been denied by the agency (or if the agency has failed to make a decision

within six months after the claim was filed)." *Phillips*, 723 F.3d at 147 (citing 28 U.S.C. §

2675(a)); *see Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir.

2005) ("The FTCA requires that a claimant exhaust all administrative remedies before filing a

complaint in federal district court.").  "Because this presentment requirement serves to ease court

congestion and to permit expeditious settlement without 'costly and time-consuming litigation,'

the claimant must provide the agency with enough information to permit it 'to conduct an

investigation and to estimate the claim's worth.'" *Yunkeung Lee*, 570 F. App'x at 27 (first

quoting *McNeil v. United States*, 508 U.S. 106, 111–12 (1993); and then quoting *Romulus v.*

*United States*, 160 F.3d 131, 132 (2d Cir. 1998)).

    "This [exhaustion] requirement is jurisdictional and cannot be waived." *Celestine*, 403

F.3d at 82 (citing *McNeil*, 508 U.S. at 113); *see Collins v. United States*, 996 F.3d 102, 109 (2d

Cir. 2021) ("The FTCA requires that a claimant exhaust all administrative remedies before filing

a complaint in federal district court.  This requirement is jurisdictional and cannot be waived."

(quoting *Celestine*, 403 F.3d at 82)); *Hollis Care Grp. Inc. v. U.S. Small Bus. Admin*, 848 F.

App'x 483, 484 (2d Cir. 2021) ("First, to the extent [p]laintiffs pled the necessary elements of

fraud and negligent supervision under New York law, those claims were cognizable under the

[FTCA] and therefore subject to a non-waivable, jurisdictional administrative exhaustion

requirement." (footnote and citation omitted)); *Leytman v. United States*, 832 F. App'x 720, 722

(2d Cir. 2020) ("Failure to comply with this exhaustion requirement deprives Article III courts of

15

subject matter jurisdiction over FTCA claims." (citing *Celestine*, 403 F.3d at 82)); *Yunkeung Lee*, 570 F. App'x at 27 ("Although the presentment 'need not meet formal pleading' standards, the requirement is jurisdictional and must be 'adhered to strictly.'" (quoting *Johnson ex rel. Johnson v. United States*, 788 F.2d 845, 848–49 (2d Cir. 1986), *overruled on other grounds by Sheridan v. United States*, 487 U.S. 392 (1988))); *Accolla v. U.S. Gov't*, 381 F. App'x 71, 73 (2d Cir. 2010) ("[T]his requirement is jurisdictional and cannot be waived." (quoting *Celestine*, 403 F.3d at 82)); *see also Ruffin v. United States*, No. 20-CV-4128, 2021 WL 4408039, at *6 (E.D.N.Y. Sept. 27, 2021) (same); *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999) ("Unless a plaintiff complies with [the exhaustion] requirement, a district court lacks subject matter jurisdiction over a plaintiff's FTCA claim." (citing *United States v. Kubrick*, 444 U.S. 111, 117–18 (1979))), *abrogated on other grounds*, *United States v. Wong*, 575 U.S. 402 (2015).

To the extent Plaintiff asserts tort claims against the Social Security Administration, the Court lacks subject matter jurisdiction over these claims because the FTCA precludes tort suits against federal agencies. *Mignogna v. Sair Aviation, Inc.*, 937 F.2d 37, 40 (2d Cir. 1991) (holding that actions under the FTCA "must be brought against the United States rather than an agency thereof" (citations omitted)); *Hatcher*, 2021 WL 1207315, at *4 ("[A]ny claim under the FTCA necessarily fails . . . because [the] [p]laintiff does not name the United States as a defendant and '[t]he [Social Security Administration] cannot be sued for negligence based on the doctrine of sovereign immunity, which bars FTCA suits against federal agencies.'" (third alteration in original) (quoting *Katsoulakis*, 2011 WL 3877080, at *5 n.1)); *Oji*, 2013 U.S. Dist. LEXIS 189928, at *54 (same).

In addition, even if Plaintiff had named the United States as a defendant in this action, Plaintiff has not alleged any facts suggesting that he complied with the FTCA's exhaustion

16

requirements. Plaintiff was obligated to have filed a signed administrative claim asserting damages, but he has not asserted that he filed such a claim nor is there any evidence that one was filed. *See Pope v. Geo Grp.*, No. 18-CV-6900, 2019 WL 79426, at *3 (E.D.N.Y. Jan. 2, 2019) ("[E]ven if a *pro se* 'plaintiff's complaint can be liberally construed to state a claim under the FTCA . . . the court does not have subject matter jurisdiction over' the FTCA claim if [the] 'plaintiff has neither pleaded that he filed an administrative claim within two years of the incident giving rise to the action, nor that he exhausted an administrative tort claim prior to initiating the instant action.'" (quoting *Diaz v. MDC Detention Ctr.*, No. 17-CV-3768, 2018 WL 472810, at *2 (E.D.N.Y. Jan. 17, 2018))); *see also, e.g.*, *Shmueli*, 2018 WL 4403279, at *5 (finding that the court lacked subject matter jurisdiction under the FTCA "to consider any discrimination, retaliation, harassment or similar claims for money damages against the Commissioner that [the pro se] [p]laintiff may seek to assert" because the plaintiff "has not alleged that she satisfied the FTCA's exhaustion requirements" and also because "a claim for punitive damages 'does not fall within the limited waiver created by the FTCA'" (citations omitted; quoting *Okocha*, 2012 WL 6860892, at *13)); *Oji*, 2013 U.S. Dist. LEXIS 189928, at *54–55 (dismissing pro se plaintiff's tort claims against Social Security Administration, to the extent raised, because "even if [the] [p]laintiff had named the United States as a defendant in this action, the Commissioner has no records indicating that [the] [p]laintiff presented an administrative tort claim to the [Social Security Administration] as is required prior to bringing suit pursuant to the FTCA, and [the] [p]laintiff does not allege otherwise); *Okocha*, 2012 WL 6860892, at *13 ("[E]ven if the Social Security Act did not independently bar [the plaintiff's] punitive damages claim, his failure to establish FTCA exhaustion does." (citation omitted)); *Greco v. Comm'r of Soc. Sec.*, No. 04-CV-141, 2004 U.S. Dist. LEXIS 29981, at *17–18 (N.D.N.Y. Dec. 30, 2004) ("[A] plaintiff may not bring claims against the Commissioner of

Social Security under the [FTCA] 'because negligent mishandling of social security benefits is not cognizable under this statute.'" (quoting *Langella v. Bush*, 306 F. Supp. 2d 459, 464 (S.D.N.Y. 2004))), *report and recommendation adopted*, 2005 U.S. Dist. LEXIS 43365 (N.D.N.Y. June 8, 2005).

Accordingly, even if the Court were to liberally construe pro se Plaintiff's complaint as asserting a cause of action under the FTCA, the Court lacks subject matter jurisdiction because Plaintiff has not administratively exhausted any such claims.

### d.  Leave to amend

In light of Plaintiff's pro se status, the Court grants Plaintiff leave to amend the Complaint within thirty days of this Memorandum and Order to sufficiently demonstrate that he is entitled to equitable tolling.  Plaintiff is advised that the Amended Complaint will completely replace the original Complaint, must be captioned "Amended Complaint," and shall bear the same docket number as this Order.  Plaintiff may contact the Federal Pro Se Legal Assistance Project of the City Bar Justice Center at 212-382-4729 for limited-scope legal assistance.

## III.  Conclusion

For the foregoing reasons, the Court grants the Commissioner's motion to dismiss the

Complaint without prejudice, and grants Plaintiff leave to amend the Complaint within thirty days of this Memorandum and Order.

Dated: September 6, 2023
Brooklyn, New York

SO ORDERED:

_____/s/ MKB_____
MARGO K. BRODIE
United States District Judge